REQUESTED BY: Senator John DeCamp 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator Decamp:
Following the release of our Opinion No. 278, dated September 30, 1982, in which we concluded that the exemption of business equipment from personal property taxation was constitutionally proper, you sent us a copy of the proposed bill. This contains the formula for distribution of 25 million dollars to counties to compensate them for the narrowed tax base, and you ask whether the formula is constitutionally valid.
Section 3 of the proposed bill provides in part:
 The appropriation provided for in section 2 of this act for aid to counties shall be distributed to the various county treasurers of the state on the basis of the ratio of the total amount of property taxes levied by the particular county for county purposes to the total amount of property taxes levied by all counties for county purposes based on the amounts stated in the most recent certificate of taxes levied statement submitted by each county to the State Board of Equalization and Assessment pursuant to section 77-628.
As you will note, this formula is an exact copy of the formula for distribution of state aid to counties contained in Neb.Rev.Stat. § 77-27,137 (1982 Supp.), which was put in by Section 4 of LB 816 in 1982.
In our Opinion No. 226, dated March 24, 1982, to Senator Carsten, we considered that provision, and concluded that it could be defended against constitutional attack, despite some doubt cast upon it by some language in State exrel. Douglas v. Marsh, 207 Neb. 598, 300 N.W.2d 181 (1980).
For your convenience, we are enclosing a copy of that opinion herein.
York and Antelope Counties have filed an application for leave to file an original action in the Supreme Court, attacking the validity of that formula, among other things. If the Supreme Court permits that action to proceed, the issue you inquire about may be resolved, although it is conceivable that that issue will not be reached. If the Supreme Court refuses to permit the original action, it probably will be filed in district court. We can never, of course, predict the outcome of litigation with complete certainty, but we do intend to defend the formula on the basis set forth in Opinion No. 226.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General